IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WAYNE T. BAKER, | : |
| Plaintiff, | : |
| v. | : Civ. No. 12-443-LPS |
| JACK A. MARKELL, et al., | : |
| Defendants. | : |

Wayne T. Baker, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

March 15, 2013
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Wayne T. Baker ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] Plaintiff, an inmate, is housed at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware. Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## II. BACKGROUND

This is the third lawsuit that Plaintiff has filed concerning the March 5, 2009 attack on him by his cellmate Donald Flagg ("Flagg"). *See Baker v. Glagg*, Civ. No. 482-LPS-MPT (D. Del. Sept. 30, 2010) (dismissed as frivolous), *aff'd*, No. 10-4010 (3d Cir. Apr. 19, 2011); *Baker v. Flagg*, Civ. No. 10-1144-LPS (D. Del. Apr. 21, 2011) (dismissed as frivolous), *aff'd*, No. 11-2190 (3d Cir. July 25, 2011). Similar to other lawsuits, the instant Complaint was authored by inmate Ivan Mendez ("Mendez"). While Mendez did not sign the Complaint, the Court is unusually familiar with his handwriting and recognizes it as Mendez's. In addition, the Complaint refers to Mendez as Plaintiff's attorney and as the individual to be consulted during settlement negotiations. (*See* D.I. 2 at 12-13) The appellate court warned Plaintiff of the hazards he faced should he continue to use Mendez as his jailhouse lawyer. Plaintiff, however, failed to heed the appellate court's warning. As will be discussed, the instant Complaint is frivolous, causing Plaintiff to accrue his third "strike" under 28 U.S.C. § 1915(g).

---

[1] Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

Plaintiff discusses the attack by Flagg, states that he is a victim, and alleges that Defendants "have done nothing" for him. (D.I. 2 at 3) In addition, the Complaint refers to attacks upon other inmates and racial discrimination, in general, because Flagg is black and Plaintiff is white. Plaintiff further alleges that he is not receiving correct medicine and medical attention and posits that he needs surgery and strong painkillers. Finally, Plaintiff alleges that certain defendants will not provide him documents that he seeks.

On April 9, 2012, Plaintiff filed an Amended Complaint. (D.I. 4) The Amended Complaint, however, was meant for filing in the Superior Court of the State of Delaware. Accordingly, the Court will strike the Amended Complaint as improperly filed in this Court.

## III. LEGAL STANDARDS

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *See id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *See id.* at 210-11. The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. DISCUSSION

### A. State Actor

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West*, 487 U.S. at 48. To act under "color of state law" a defendant must be "clothed with the authority of state law." *Id.* at 49.

Kent General Hospital is a part of Bayhealth Medical Center, Inc. *See Miller v. Aramark Healthcare Support Services*, 555 F. Supp. 2d 463, 465 (D. Del. 2008). Bayhealth operates the Kent General Hospital. *See Divita v. Sweeney*, 2010 WL 5313492, at *1 (Del. Super. Ct. Nov. 29, 2010). Bayhealth, however, is not a governmental agency against whom § 1983 actions can be brought. *See Alston v. Minner*, 2001 WL 3408381, at *2 (Del. Super. Ct. Oct. 19, 2001).

4

Because Kent General Hospital is a part of Bayhealth, it, too, is not a governmental agency against whom a § 1983 action can be brought.

Therefore, Plaintiff's § 1983 claim against Kent General Hospital has no arguable basis in law or in fact and, therefore, will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

### B. Eleventh Amendment Immunity

Plaintiff's claims against the Delaware Department of Correction ("DOC") and the VCC are barred by the State's Eleventh Amendment immunity. *See MCI Telecom. Corp. v. Bell Atl. of Pa.*, 271 F.3d 491, 503 (3d Cir. 2001). The Eleventh Amendment of the United States Constitution protects a nonconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. Jan. 11, 2007). In addition, dismissal is proper because the foregoing Defendants are not persons for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71(1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. Aug. 1, 2008). Therefore, the Court will dismiss the claims against the VCC and the DOC, as these Defendants are immune from suit pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

C.      **Respondeat Superior**

Plaintiff names Delaware Governor Jack A. Markell ("Markell"), Delaware Lt. Governor Matthew Denn ("Denn"), Delaware Secretary of State Jeffrey W. Bullock ("Bullock"), Delaware Attorney General Joseph R. Biden, III ("Biden"), and DOC Commissioner Carl C. Danberg ("Danberg") as defendants. Plaintiff alleges that, on unknown dates, the foregoing Defendants did nothing following the attack by Flagg. It appears that Plaintiff names the foregoing Defendants based upon their supervisory positions.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved . . . ." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (internal quotation marks and citations omitted). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). In order to establish liability for deprivation of a constitutional right, a party must show personal involvement by each defendant. *See Brito v. United States Dep't of Justice*, 392 F. App'x 11, 14 (3d Cir. Aug. 18, 2010) (citing *Iqbal*, 556 U.S. at 677; *Rode*, 845 F.2d at 1207).

"Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. In *Iqbal*, the Supreme Court emphasized that "[i]n a § 1983 suit – here masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. "Thus,

when a plaintiff sues an official under § 1983 for conduct 'arising from his or her superintendent responsibilities,' the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well." *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010). The factors necessary to establish a § 1983 violation will vary with the constitutional provision at issue. *Id.*

Under pre-*Iqbal* Third Circuit precedent, "[t]here are two theories of supervisory liability," one under which supervisors can be liable if they "established and maintained a policy, practice or custom which directly caused [the] constitutional harm," and another under which supervisors can be liable if they "participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations." *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010) (internal quotation marks omitted). "Particularly after *Iqbal*, the connection between the supervisor's directions and the constitutional deprivation must be sufficient to demonstrate a plausible nexus or affirmative link between the directions and the specific deprivation of constitutional rights at issue." *Id.* at 130.

The Third Circuit has recognized the potential effect that *Iqbal* might have in altering the standard for supervisory liability in a § 1983 suit but, to date, has declined to decide whether *Iqbal* requires narrowing of the scope of the test. *See Santiago*, 629 F.3d at 130 n.8; *see also Argueta v. United States Immigration and Customs Enforcement*, 643 F.3d 60 (3d Cir. 2011) ("To date, we have refrained from answering the question of whether *Iqbal* eliminated – or at least narrowed the scope of – supervisory liability because it was ultimately unnecessary to do so

in order to dispose of the appeal then before us."). Hence, it appears that, under a supervisory theory of liability, and even in light of *Iqbal,* personal involvement by a defendant remains the touchstone for establishing liability for the violation of a plaintiff's constitutional right.[2] *See Williams v. Lackawanna Cnty. Prison,* 2010 WL 1491132, at *5 (M.D. Pa. Apr. 13, 2010).

Facts showing personal involvement of the defendant must be asserted; such assertions may be made through allegations of specific facts showing that a defendant expressly directed the deprivation of a plaintiff's constitutional rights or created such policies where the subordinates had no discretion but to act in a fashion which actually produced the alleged deprivation; *e.g.,* supervisory liability may attach if the plaintiff asserts facts showing that the supervisor's actions were "the moving force" behind the harm suffered by the plaintiff. *See Sample,* 885 F.2d at 1117-18; *see also Iqbal,* 556 U.S. at 677-87; *City of Canton v. Harris,* 489 U.S. 378 (1989).

Plaintiff provides no facts describing how the foregoing Defendants allegedly violated his constitutional rights, that they expressly directed the deprivation of his constitutional rights, or that they created policies leaving subordinates no discretion but to act in a fashion which actually produced the alleged deprivation. Plaintiff has alleged no facts to support personal involvement by any of the foregoing Defendants. Accordingly, the Court will dismiss as frivolous all claims against them pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

---

[2] "'Supervision' entails, among other things, training, defining expected performance by promulgating rules or otherwise, monitoring adherence to performance standards, and responding to unacceptable performance whether through individualized discipline or further rulemaking." *Sample v. Diecks,* 885 F.2d 1099, 1116 (3d Cir. 1989). "For the purpose of defining the standard for liability of a supervisor under § 1983, the characterization of a particular aspect of supervision is unimportant." *Id.* at 1116-17.

D. **Sovereign Immunity**

Plaintiff has named the Federal Bureau of Investigation ("FBI") as a defendant. Sovereign immunity precludes a plaintiff from bringing a *Bivens*[3] action against the FBI, a federal agency. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). In addition, any tort claim against the United States must be brought under the Federal Tort Claims Act ("FTCA"), which creates a limited waiver of sovereign immunity for injury caused by "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). The FTCA limits the Court's jurisdiction by requiring claimants first to file an administrative claim with the relevant agency and receive a written denial of the claim before suit can be filed in federal court. *See* 28 U.S.C. § 2675(a). Nothing in the Complaint even suggests that Plaintiff has complied with this exhaustion requirement. Therefore, the Court will dismiss the claims against the FBI pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

E. **Medical Providers**

Finally, Plaintiff names Correctional Medical Services ("CMS") and Correctional Health Care Services ("CHCS") (together "Medical Providers") as defendants.[4] Plaintiff alleges that

---

[3] A civil rights claim against a federal defendant is governed by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971). In *Bivens*, the Supreme Court created a federal tort counterpart to the remedy created by 42 U.S.C. § 1983 as it applies to federal officers. To state a claim under *Bivens*, a claimant must show: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. *See Mahoney v. National Org. For Women*, 681 F.Supp. 129, 132 (D. Conn. 1987) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978)).

[4] Plaintiff has misnamed one of the medical provider defendants. Correct Care Solutions ("CCS") became the general healthcare service provider for DOC institutions beginning July 1,

9

the Medical Providers have not provided him with the "right" medicine or the "right" medical attention. Plaintiff claims that he needs surgery and strong painkillers.

When a plaintiff relies upon a theory of respondeat superior to hold a corporation liable, he must allege a policy or custom that demonstrates such deliberate indifference. *See Sample*, 885 F.2d at 1110; *Miller v. Correctional Med. Sys., Inc.*, 802 F.Supp. 1126, 1132 (D. Del. 1992). In order to establish that the Medical Providers are directly liable for the alleged constitutional violations, Plaintiff "must provide evidence that there was a relevant . . . policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (stating because respondeat superior or vicarious liability cannot be basis for liability under 42 U.S.C. § 1983, corporation under contract with state cannot be held liable for acts of its employees and agents under those theories). The Complaint makes no reference to policy or customs of the Medical Providers.

Finally, Plaintiff's conclusory allegations fail to set forth constitutional violations by the Medical Providers. No time-frame is established and, at most, it seems that Plaintiff is dissatisfied with the health care provided him. The conclusory allegations fail to state a claim for violations of his constitutional rights. *See Spruill*, 372 F.3d at 235 (stating no constitutional violation where allegations show "mere disagreement as to the proper medical treatment"). Therefore, the Court will dismiss the claims against the medical Defendants as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

---

2010. CMS provided medical services to the DOC from July 1, 2005 through June 30, 2010.

## V.    **CONCLUSION**

For the above reasons, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). The Court will strike the Amended Complaint as improperly filed. Amendment of the Complaint is futile.

An appropriate Order follows.